IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK O. BRATEN,

        Plaintiff,

  v.

WASHINGTON COUNTY
SHERIFFS DEPT.,

        Defendant.

Civil No. 06-922-AS

ORDER TO DISMISS

KING, Judge.

    Plaintiff, an inmate at the Washington County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to an order entered by the court this date, plaintiff was granted leave to proceed *in forma pauperis*.  However, for the reasons set forth below, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2).

1 - ORDER TO DISMISS -

**BACKGROUND**

Plaintiff alleges he was wrongfully arrested on a "unextraditable" warrant out of Santa Clara County, and was detained at the Washington County Jail for almost three days before his release. Plaintiff also alleges that upon his release, he did not receive all of the belongings seized from him upon his arrest and detention. Plaintiff names as the sole Defendant the "Washington County Sheriffs Dept."

**STANDARDS**

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

(B)  the action . . .

    (i)  is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274

2 - ORDER TO DISMISS -

(9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

3 - ORDER TO DISMISS -

**DISCUSSION**

To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992), cert. denied, 508 U.S. 951 (1993); Lopez, 939 F.2d at 883; Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989), cert. denied, 493 U.S. 1056 (1990).

It is well settled that liability under 42 U.S.C. § 1983 cannot be premised upon the mere fact that a municipality employed the offending individuals. City of Canton v. Harris, 489 U.S. 378, 385 (1989); Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 691-94 (1978). Municipalities, including counties, are liable under § 1983 only when "deliberate action attributable to the municipality directly caused a deprivation of federal rights." Board of County Commissioners v. Brown, 117 S.Ct. 1382, 1394 (1997); see also Monell v. Dept. of Social Services, 436 U.S. at 694 (holding that municipalities are liable under § 1983 when municipal policy results in a constitutional violation). In other words, "[m]unicipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, 'that is, acts which the municipality has officially sanctioned or ordered.'" Eggar v. City of Livingston,

4 - ORDER TO DISMISS -

40 F.3d 312, 314(9th Cir. 1994) (quoting <u>City of St. Louis v. Praprotnik</u>, 112 S.Ct. 915, 924 (1988)).

As noted, Plaintiff names as the sole Defendant in this action the "Washington County Sheriffs Dept.," an agency of the municipality of Washington County. Plaintiff does not, however, allege facts supporting a claim that his unlawful detention or the deprivation of his personal property resulted from acts which Washington County officially sanctioned or ordered. Accordingly, Plaintiff fails to state a claim against the Washington County Sheriff's Department upon which relief may be granted, and his Complaint must be dismissed.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that his amended complaint must specifically include (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights, (2) the dates on which the conduct allegedly took place, and (3) the specific conduct Plaintiff alleges is unconstitutional. Plaintiff is advised that the amended complaint will operate as a complete substitute for the present complaint, not as a supplement.

Plaintiff is cautioned that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice. In lieu of an amended complaint, Plaintiff may move to voluntarily dismiss this action, without prejudice.[1]

IT IS SO ORDERED.

DATED this   2nd   day of August, 2006.

                                       /s/Garr M. King
                                          Garr M. King
                                          United States Distict Judge

---

[1] Plaintiff is advised that under the Prison Litigation Reform Act, a prisoner is prohibited from proceeding in a civil action without full payment of the filing fee if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed as frivolous or for failure to state a claim unless the prisoner is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

6 - ORDER TO DISMISS -